# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLIOT WALLACE, : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-12-2435 |
| v. : | |
| : | (Judge Caputo) |
| WARDEN DAVID J. EBBERT, : | |
| Respondent : | |

# M E M O R A N D U M

## I.  Introduction

Elliot Wallace, an inmate at USP-Canaan, in Waymart, Pennsylvania, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 30, 2012.  Mr. Wallace claims the Federal Bureau of Prisons (BOP) denied him due process in connection with a disciplinary proceeding.  (Doc. 1, Pet.)  Mr. Wallace seeks to proceed *in forma pauperis* in this matter.  (Doc. 2, Mot. to Proceed *In Forma Pauperis*.)

For the reasons that follow, Mr. Wallace's request for *in forma pauperis* status will be granted, but under our authority to screen section 2241 petitions, we will summarily dismiss the petition without requiring a response from the government.  *See* Rule 1(b) of the Rules governing petitions under 28 U.S.C. § 2254 (the section 2254 rules can be applied to section 2241 petitions).  Rule 4 of the section 2254 rules authorizes a district court to conduct an initial screening of petitions and summarily dismiss those that fail to state a claim or are factually frivolous.  *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

## II. Background

The petition and the exhibits supplied by Mr. Wallace allege the following. On February 12, 2012, during a cell search, two small bags of an unknown liquid substance were found in a laundry bag in the cell occupied by Mr. Wallace and another inmate (Long). (Doc. 1-1 at ECF pp. 6-9.) The substance emitted a strong smell of alcohol and was tested using Alco-Sensor III test. (*Id.*) The test resulted in a positive reading of 0.072. (*Id.*)

On February 13, 2012, an incident report was delivered to Mr. Wallace charging him with making, possessing, or using intoxicants, Code 113. (*Id.* at ECF p. 6.) The Unit Discipline Committee (UDC) hearing was conducted the following day. (*Id.* at ECF p. 3.) The hearing was suspending pending revision and emendation to the charge. (*Id.*) The incident report was revised on February 26, 2012, and delivered to Mr. Wallace. (*Id.* at ECF p. 9.) The following day a UDC hearing was held. (*Id.* at ECF p. 3.) The UDC referred the incident report to the Disciplinary Hearing Officer (DHO) for final resolution.

A DHO disciplinary hearing was held on March 9, 2012. (*Id.* at ECF p. 1.) Mr. Wallace requested, and received, representation by a staff representative, B. Lafferty, Senior Officer Specialist. (*Id.*) Mr. Wallace requested to call his cellmate, Mr. Long, as a witness. (*Id.* at ECF p. 2.) Mr. Long testified that he told the prison staff that the alcohol was his. (*Id.*) He stated he too received an incident report this incident. (*Id.*) At the hearing, the DHO considered that Mr. Wallace admitted to the investigator that the alcohol was in his cell but that he denied ownership of it. (*Id.* at

ECF p. 3.) In addition to the incident report and investigation, the DHO considered the account of the event as reported by the prison staff reflected in the incident report, the report of the officer who tested the liquid for alcohol as well as the 2 photographs depicting the bags of red liquid substance and the ALCO-SENSOR III test reading of "0.72". (*Id*. at ECF p. 2.) After considering all the evidence, the DHO based the guilty verdict on the greater weight of the evidence that the prohibited act of Possession of any Narcotics, Marijuana, drugs, Alcohol, Intoxicants, or Related Paraphernalia Not Prescribed for the Individual by the Medical Staff, Code 113, was committed. (*Id*. at ECF p. 3.) The DHO reasoned that Mr. Wallace's statement to the investigator that he knew "it was in my cell, but I never took ownership" of it indicated "he had awareness to the fact intoxicants were in his cell." (*Id*.) The DHO noted that:

> All inmates are responsible for all items, contraband, or property in their possession, dominion or that of which the[y] exercise control. As the intoxicants were discovered in an area of the cell to which WALLACE exercised control, and also were tested in accordance with agency procedure exceeding the minimum threshold requirement for an intoxicant, the DHO will sustain the charge.

(*Id*.) The DHO imposed the following sanctions: (1) Disciplinary Segregation (DS) 1 Day; (2) DS 359 Days, suspended 180 days; (3) Loss of telephone, visitation and TRULINCS (email) privileges for 6 Months. (*Id*. at ECF p. 4.)

## III. Discussion

Mr. Wallace fails to make a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interest that is protected by the Due Process Clause. To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174, 189 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).

As a threshold matter, Mr. Wallace does not allege he lost any good-time credits. The copy of the DHO's Report (Doc. 1-1 at ECF pp. 1-4) confirms that he did not lose any good-time conduct. His disciplinary infractions resulted only in a temporary change in his security level (his placement in DS), and the temporary loss of telephone, visitation, and TRULINC (email) privileges, none of which implicate a protected liberty interest as they do not result in atypical or significant hardships in relation to the ordinary incidents of prison life. *See*, e.g. *Gray v. Holt*, No. 1:11-CV-1278, 2011 WL 4738118 (M.D. Pa. Oct. 6, 2011)*; Santos v. Bureau of Prisons*, No. 1:05-cv-008, 2006 WL 709509, at *3 (M.D. Pa. Mar. 20, 2006)(citing *Sandin*, 515 at 484, 115 S.Ct. at 2300); *Almahdi v. Bourque*, 386 F. App'x 260 (3d Cir. 2010)(temporary loss of telephone privileges); *Perry v. Lackawanna County Children & Youth Services*, 345 F. App'x 723, 726-27 (3d Cir. 2009)(temporary loss

-4-

of visitation).  These punishments cannot be challenged under § 2241 because they do not affect Mr. Wallace's good time credits, and thus they have no impact on the fact or length of his sentence or confinement.  See *Leamer v. Fauver*, 288 F.3d 532, 540-42 (3d Cir. 2002).  To the extent that Mr. Wallace challenges the sanctions imposed, the claim is not cognizable under § 2241.  Accordingly, the instant Petition will be dismissed.

      An appropriate order will follow.

                              **/s/ A. Richard Caputo**
                              **A. RICHARD CAPUTO**
                              **United States District Judge**

**Date: December 7, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELLIOT WALLACE, :
:
    Petitioner :
: CIVIL NO. 3:CV-12-2435
v. :
: (Judge Caputo)
WARDEN DAVID J. EBBERT, :
:
    Respondent :

# O R D E R

**AND NOW**, this **7th** day of **DECEMBER, 2012,** in accordance with the accompanying Memorandum, it is **ORDERED** that:

1. Mr. Wallace's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

2. The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

3. The Clerk of Court shall **CLOSE** this case.

                                                                 **/s/ A. Richard Caputo**
                                                                  **A. RICHARD CAPUTO**
                                                                  **United States District Judge**